UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEAN RIVERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:18-cv-01017-TWP-MPB |
| ) | |
| GOODWILL OF CENTRAL AND ) | |
| SOUTHERN INDIANA, INC., ) | |
| ) | |
| Defendant. ) | |

### ENTRY ON DEFENDANT'S BILL OF COSTS

This matter is before the Court on Defendant Goodwill of Central and Southern Indiana, Inc.'s ("Goodwill") Bill of Costs (Filing No. 56), and Plaintiff Jean Rivers' ("Rivers") Response in Opposition and Objection to Defendant's Bill of Costs (Filing No. 58). Rivers objects to the costs incurred for a video deposition. For the reasons stated below, Rivers' objection is overruled and Goodwill's costs are **granted**.

### I. DISCUSSION

Federal Rule of Civil Procedure 54(d) provides, in relevant part, that "costs-other than attorney's fees-should be allowed to the prevailing party". Because the strong presumption in favor of awarding costs to the prevailing party is difficult to overcome, the Court's discretion to deny awarding costs is narrowly confined. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997); *Sanglap v. LaSalle Bank, FSB*, 194 F. Supp. 2d 798, 801 (N.D. Ill. 2002). Generally, only misconduct by the prevailing party or the losing party's inability to pay will suffice to justify denying costs under 28 U.S.C. § 1920. *Id*. Further, it is the losing party's burden to demonstrate that the taxed costs are inappropriate. *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005). The Seventh Circuit has interpreted Rule 54(d) as providing "a strong presumption

that the prevailing party will recover costs, with the ultimate decision resting within the district court's discretion." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997). "The presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly confined--the court must award costs unless it states good reasons for denying them." *Id.*

Rivers brought this action against Goodwill, alleging employment discrimination based on violations of Title VII of the Civil Rights Act of 1964 and the Fair Labor Standards Act. Goodwill moved for summary judgment, which the Court granted on March 30, 2020 (Filing No. 54). That same day, final judgment was entered in favor of Goodwill and against Rivers (Filing No. 55). As the prevailing party, Goodwill requests an award of its costs incurred in defending this action in the amount of $3,944.68, pursuant to Federal Rule of Civil Procedure 54(d)(1).

Goodwill's costs of $3,944.68 consist of: $2,756.25 for expenses associated with the deposition of Rivers; $532.20 for expenses associated with the depositions of Goodwill's employees Brodie Sears and Eric Schlegel; $260.10 for production and copying charges of discovery documents and deposition exhibits; and $386.13 for copies of third-party records including River's medical and tax records. (Filing No. 56-1 at 2-3.) Goodwill submitted a sworn affidavit from its attorney, attesting to the fact that the costs were correct and necessarily incurred in this action. (Filing No. 56.)

Rivers asks the Court to deny Goodwill's request of $745.00 for the video deposition costs included in the total amount of $2,756.25 for the deposition of Rivers. She objects on the basis that Goodwill is seeking a cost that was "not necessarily incurred or reasonable." (Filing No. 58 at 2).

Under 28 U.S.C. § 1920, a federal court may tax as costs:

(1) Fees of the clerk and marshal;

2

> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Relying on *Halasa v. ITT Educ. Servs., Inc.*, 2012 WL 639520, at *3, Rivers argues Goodwill's decision to take her deposition by both court reporter/stenographic means *and* by video was not necessary or reasonable, because there was not a necessity for Goodwill to have the deposition in both formats. ([Filing No. 58 at 2](#).) In *Halasa*, the court held that costs for both video and printed transcripts of depositions are recoverable pursuant to 28 U.S.C. § 1920(s), however, the court did not award video deposition costs to the Defendant ITT. Finding that there was no risk that Halasa would be unable to testify at trial, and considering ITT's statement that the purpose of the video was to impeach the plaintiff's credibility at trial, the court concluded having the deposition in both printed and video format was merely for strategic reasons, and the video format was thus not a necessity. *See Halasa.*

In Reply, Goodwill asserts that Rivers' objection lacks merit, and the Seventh Circuit generally allows both "the costs of video-recording and stenographic transcription to be taxed to the losing party." *Patel ex rel. R.P. v. Menard, Inc.*, 2012 WL 1365434, at *3 (S.D. Ind. Apr. 19, 2012). Goodwill notes this Court has previously rejected the argument that a written deposition would be sufficient if plaintiff would have been available to testify at trial. *Patel ex rel. R.P.* 2012 WL 1365434, at *3; *Noland v. Lowe's Home Centers, LLC*, No. 1:14-cv-00228-TWP-DML (S.D. Ind. June 6, 2016).

The Seventh Circuit has expressly held courts should not resolve arguments the losing party makes regarding the winning party's strategy and how it could have reduced costs. *Cohen-Chaney v. Nat'l R.R. Passenger Corp.*, 2012 WL 3579881, at *2 (S.D. Ind. Aug. 17, 2012). Goodwill persuasively argues that it was "entitled to make its own strategic decisions regarding the necessity of both stenographic transcription and video recording," and that while it had yet to rely on the video testimony for purposes of trial, the proper inquiry here is "whether the deposition was 'reasonably necessary' to the case at the time it was taken, not whether it was used in a motion or in court." (Filing No. 59 at 3.) Had the case proceeded to trial, Goodwill contends it would have likely used the video deposition to effectively present evidence to the jury, thus making it reasonably necessary at the time to take Rivers' deposition by both court reporter/stenographic means and video. (Filing No. 59 at 3.)

In *Little v. Mitsubishi Motors N.A., Inc.,* the Seventh Circuit affirmed that "a party could recover for both the cost of video-recorded deposition and the cost of stenographically transcribing the same deposition, as long as both were reasonable and necessary." 514 F.3d 699 (7th Cir. 2008). Goodwill's position is well supported by the Seventh Circuit's decision in *Little* as well as this Court's decisions in *Patel ex rel. R.P., Cohen-Chaney,* and *Noland.* It is not for the Court to resolve arguments regarding the winning party's strategy. Here, Goodwill intended to use the video had the matter gone to trial, making the video deposition reasonable and necessary at the time it was taken. Therefore, Rivers' Objection is overruled.

## II. **CONCLUSION**

For the reasons set forth above, Goodwill's Bill of Costs (Filing No. 56) is **GRANTED** and River's **Objection is OVERRULED**. The Court awards Goodwill **$3,944.68** in reasonable

4

fees and necessary costs incurred in this litigation. The Clerk is directed to tax costs against Plaintiff Jean Rivers in favor of Goodwill in the amount of **$3,944.68**.

**SO ORDERED.**

Date: 6/2/2020

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Andrew Dutkanych, III
BIESECKER DUTKANYCH & MACER LLC (Evansville)
ad@bdlegal.com

Lauren Elizabeth Berger
BIESECKER DUTKANYCH & MACER LLC (Evansville)
alberger@bdlegal.com

David J. Pryzbylski
BARNES & THORNBURG (Indianapolis
dpryzbylski@btlaw.com

Justine Farris-Niehaus
BARNES & THORNBURG (Indianapolis
justine.farris@btlaw.com